# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| KENNETH W. GIBBS-EL, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 3:08-CV-317 JVB |
| | ) | |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Kenneth Gibbs-El filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a parole revocation. His petition and corresponding exhibits establish that he was convicted in the Floyd County Circuit Court of attempted murder and sentenced to fifty years of imprisonment. The Indiana Supreme Court affirmed the trial court's judgment in *Gibbs v. State*, 483 N.E.2d. 1365 (Ind. 1985). Gibbs-El filed a petition for post-conviction relief and the Indiana Court of Appeals affirmed the denial of the petition in an unpublished opinion. *Gibbs v. State*, Cause No. 22A05-9407 PC-268 (Ind. Ct. App. Jan 30, 1995), *trans. den.* (DE 1-2 at 2). Gibbs-El next filed a motion to correct the erroneous sentence and appealed the denial of the motion. The Indiana Court of Appeals affirmed the denial in an unpublished opinion. *Gibbs v. State*, Cause No. 22A05-0403 -PC-144 (Ind. Ct. App. Sept. 8, 2004). (DE 1-2 at 2). Gibbs-El then filed a successive petition for post-conviction relief with the Indiana Court of Appeals, which the court denied in an unpublished order. *Gibbs v. State*, Cause No. 22A01-0510-SP-460 (Ind. Ct. App. Dec. 5, 2005). (DE 1-2 at 2.) Finally, he filed a state petition for writ of habeas corpus seeking to challenge the revocation of his parole. The trial court denied his petition, and Gibbs-El filed a notice of appeal. After reviewing the case summary, the Indiana Court of

Appeals "determined that his petition for writ of habeas corpus could be, in substance, an unapproved successive action for post-conviction relief." (DE 1-2 at 3.) The Indiana Court of Appeals ultimately dismissed his appeal without prejudice to his "right to file a successive petition for post-conviction relief pursuant to Ind. Post-Conviction Rule 1(12)." (DE 1-2 at 3).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies is a doctrine that is a close cousin to the doctrine of procedural default. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). When a petitioner has failed to exhaust his state court remedies, a federal court has the option to deny the petition on the merits, *see* 28 U.S.C. § 2254(b)(2), or dismiss it without prejudice. *Perruquet*, 390 F.3d at 514. An inmate who still has available state court remedies has not exhausted his state court remedies.

Gibbs-El's petition establishes that he filed a successive petition for post-conviction relief, asserting the claims he now wishes to present to this Court in his petition for writ of habeas corpus, without first obtaining leave of the Indiana courts. The Indiana Court of Appeals dismissed his appeal from the trial court's denial of his successive petition "without prejudice to [his] right to file a successive petition for post-conviction relief pursuant to Ind. Post-Conviction

Rule 1(12)." (DE 1-2 at 3). Thus, the petitioner still has a remedy in the state courts, where he may file a successive petition for post-conviction relief that complies with state law. Accordingly, Gibbs-El must seek leave to present his claim that he was denied due process when his parole was revoked to the state courts in a successive petition for post-conviction relief before he may file a petition for writ of habeas corpus in this Court raising those claims.

For the foregoing reasons, the Court **DISMISSES** Gibbs-El's petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on October 23, 2008.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION
